

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Villegas

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2821

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Villegas" (2002). *2002 Decisions.* Paper 469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2821


UNITED STATES OF AMERICA

v.

ADOLFO VILLEGAS,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cr-226-3)
District Court Judge:  Curtis J. Joyner


Submitted Under Third Circuit LAR 34.1(a)
May 24, 2002

Before: ALITO, MCKEE, and WALLACE, Circuit Judges.

(Opinion Filed:    July 26, 2002)


OPINION OF THE COURT


PER CURIAM:

Because the parties are familiar with the background of this appeal, it will not be set out.

Adolfo Villegas challenges the 96-month sentence imposed on him after he pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.  846.  At sentencing, the government moved for a downward departure under U.S.S.G.  5K1.1 based on his substantial assistance in the investigation of his co-conspirators.  After a hearing, the District Court granted the government's motion and departed downward one year from the applicable sentence range.

The sole issue presented for review is whether the District Court sufficiently considered the five sentencing factors listed in U.S.S.G.  5K1.1 prior to sentencing the defendant.

Section 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person

who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reason stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

A panel of our Court has held that a sentencing judge, when presented with a motion for downward departure, "must, at the very minimum, indicate his or her consideration of   5K1.1's five factors in determining whether and to what extent to grant a sentencing reduction."  United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001). The record here shows that the District Court considered the "factors that appear in the Torres case."  A78.  The extent of a downward departure is a matter of discretion vested solely in the District Court, and we do not have appellate jurisdiction over the extent of a District Court's exercise of this discretion.  See, e.g., id. at 151-52; United States v. Casiano, 113 F.3d 420, 429 (3d Cir. 1997).

Accordingly, the defendant's appeal is dismissed.